FILED

2014 May-19  PM 04:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## (MIDDLE DIVISION)

| | |
|---|---|
| SONDRA NASH, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action Number |
| ) | |
| CAPITAL ONE BANK  (USA), N.A., ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., AND TRANSUNION ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff Sondra Nash by and through her undersigned counsel, and alleges as follows, upon personal knowledge as to her and her own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by her attorney:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA")

2. Congress, when it enacted the FCRA in 1970, mandated the existence and use of reasonable procedures to assure the maximum accuracy of the personal and

financial information compiled concerning consumers and sold to users by consumer reporting agencies ("CRAs").

3. On December 4, 2003, President George W. Bush signed into law the Fair and Accurate Credit Transactions Act ("FACTA").

> This legislation gives consumers unprecedented tools to fight identity theft and continued access to the most dynamic credit markets in the world. With a free credit report and powerful new tools to fight fraud, consumers have the ability to better protect themselves and their families.[1]

4. The stated purpose of FACTA is "to prevent identity theft, improve resolution of consumer disputes, improve the accuracy of consumer records, make improvements in the use of, and consumer access to, credit information, and for other purposes."[2]

5. Towards this end, Congress provided "powerful new tools" to consumers, including the right to obtain free credit reports due to identity theft and to the right to request the truncation of Social Security numbers on consumer disclosures (commonly referred to as credit reports).

6. FACTA also imposed additional duties on consumer reporting agencies to repair the damage done to identity theft victims' credit files by blocking information that is the result of identity theft.

---

[1] http://georgewbush-whitehouse.archives.gov/news/releases/2003/12/20031204-3.html as of April 16, 2014.

[2] Pub. L. No. 108-159 (2003) http://www.gpo.gov/fdsys/pkg/PLAW-108publ159/pdf/PLAW-108publ159.pdf as of April 16, 2014.

7.  Likewise, the FCRA imposes duties on persons who furnish information to a consumer reporting agency ("furnisher").  *See* 15 U.S.C. §§ 1681s-2(a), (2), (4), (5)[3].  Specifically, the furnisher must satisfy five duties after receipt of notice of a consumer dispute from a consumer reporting agency.  15 U.S.C. § 1681s-2(b).

8.  The instant lawsuit seeks compensatory, statutory and punitive damages, costs of suit and attorneys' fees for Plaintiff, resulting from the defendants' failure to comply with the FCRA.

<u>JURISDICTION & VENUE</u>

9.  This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1681p.

10.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

11.  Plaintiff Sondra Nash ("Plaintiff") is a consumer as defined by 15 U.S.C. § 1681a(c) and an adult resident of this judicial district.

12.  Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).  In all respects and all times relevant herein, Experian was doing business in this judicial district.

13.  Defendant TransUnion LLC ("Trans Union") is a consumer reporting agency as defined by 15 U.S.C. 1681a(f).  In all respects and all times relevant herein, Trans Union was doing business in this judicial district.

---

[3] Plaintiff is not making a claim against any of the defendants pursuant to 15 U.S.C. § 1681s-2(a).

14.  Experian and Trans Union are referred to collectively throughout as the "CRA Defendants."

15.  Defendant Capital One Bank (USA), N.A. ("Capital One") is a person who furnishes information to consumer reporting agencies as defined by 15 U.S.C. §1681a(f).  In all respects and all times relevant herein, Capital One was doing business in this judicial district.

<u>FACTUAL ALLEGATIONS</u>

16.  Plaintiff is a victim of identity theft.

17.  The CRA Defendants reported inaccurate information concerning Plaintiff to third parties, including personal identifying information, public record information and an account with Capital One (hereinafter "the inaccurate information").

18.  Experian prepared and issued credit reports to third parties concerning Plaintiff that included the inaccurate information, including personal identifying information and credit information relating to an account with Capital One. Beginning in June of 2012, Experian received notice that Plaintiff was a fraud victim.  Plaintiff notified Experian that she disputed the accuracy of information contained in her Experian file.   Experian continued to report inaccurate information concerning Plaintiff.  Plaintiff notified Experian that she was a fraud victim.   Plaintiff provided Experian with an identity theft report and disputed

4

inaccurate information contained in her Experian file.  Experian notified Plaintiff of its intent to continue to report inaccurate information concerning Plaintiff. Plaintiff requested Experian to add the following statement to her file, "The Capital One account and judgment are the result of identity theft.  These negative items do not accurately reflect my credit history."  Experian did not add the consumer statement to Plaintiff's file.

19.    Trans Union prepared and issued credit reports to third parties concerning Plaintiff that included the inaccurate information, including personal identifying information and the Capital One account.  Plaintiff notified Trans Union that she disputed the accuracy of the information reported by Trans Union. Plaintiff provided Trans Union with an identity theft report.  Plaintiff requested her consumer disclosure from Trans Union as a fraud victim.  Trans Union did not provide Plaintiff with her consumer disclosure in response to her request. Plaintiff requested Trans Union to add the following statement to her file, "The Capital One account and judgment are the result of identity theft.  These negative items do not accurately reflect my credit history."  Trans Union did not add the statement to Plaintiff's file.  At one point in time, Trans Union communicated to Plaintiff that it deleted the Capital One account.  Later, Trans Union notified Plaintiff that it added back the previously deleted Capital One account on her Trans Union report.

20. Plaintiff notified consumer reporting agencies that their reporting of the Capital One was inaccurate. At least one consumer reporting agency notified Capital One of Plaintiff's dispute. Capital One verified the account to at least one consumer reporting agency.

21. In or around April 2011, Capital One obtained a judgment against Plaintiff for the fraudulent Capital One account.

22. As early as June 2012, Capital One had notice from a consumer reporting agency that Plaintiff claimed the Capital One account was taken over by an impostor using a fraudulent address.

23. Notwithstanding, and after notice of Plaintiff's fraud claim, Capital One attempted to garnish Plaintiff's bank account.

24. In or around May 2013, Capital One determined the Account should be removed from her credit file.

25. Almost two years after receiving notice of Plaintiff's fraud claim from a consumer reporting agency, Capital One moved to vacate the judgment described above against Plaintiff.

<u>FIRST CLAIM FOR RELIEF</u>
(against Experian)
(Negligent Non-Compliance with FCRA)

26. Plaintiff adopts and incorporates the above numbered paragraphs as if fully stated herein.

27.  Experian negligently failed to comply with the requirements of the FCRA, including §§ 1681e, i, c-1 and c-2.

28.  As a result of Experian's failure to comply with the requirements of the FCRA, plaintiff suffered and continues to suffer actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

29.  Plaintiff requests attorney fees pursuant to§ 1681o(a).

SECOND CLAIM FOR RELIEF
(against Experian)
(Willful Noncompliance with FCRA)

30.  Plaintiff adopts and incorporates the above-numbered paragraphs as if full stated herein.

31.  Experian willfully failed to comply with the requirements of the FCRA, including §§ 1681e, i, c-1 and c-2.

32.  As a result of Experian's failure to comply with the requirements of the FCRA, plaintiff suffered and continues to suffer actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the

jury.  Plaintiff also seeks punitive damages in an amount to be determined by the jury.

33.  Plaintiff requests attorney fees pursuant to §1681n(a).

THIRD CLAIM FOR RELIEF
(against Trans Union)
(Negligent Non-Compliance with FCRA)

34.  Plaintiff adopts and incorporates the above numbered paragraphs as if fully stated herein.

35.  Trans Union negligently failed to comply with the requirements of the FCRA, including §§ 1681e, i and c-1.

36.  As a result of Equifax's failure to comply with the requirements of the FCRA, plaintiff suffered and continues to suffer actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

37.  Plaintiff requests attorney fees pursuant to §1681o(a).

FOURTH CLAIM FOR RELIEF
(against Trans Union)
(Willful Noncompliance with FCRA)

38.  Plaintiff adopts and incorporates the above-numbered paragraphs as if full stated herein.

39.  Trans Union willfully failed to comply with the requirements of the FCRA, including §§ 1681e, i, and c-1.

40.  As a result of Trans Union's failure to comply with the requirements of the FCRA, plaintiff suffered and continues to suffer actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to be determined by the jury.

41.  Plaintiff requests attorney fees pursuant to §1681n(a).

## FIFTH CLAIM FOR RELIEF
(against Capital One Trans Union)
(Negligent Non-Compliance with FCRA)

42.  Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

43.  Capital One negligently failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

44.  As a result of Capital One's failure to comply with the FCRA, plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to credit reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual

activities for which Plaintiff seeks damages in an amount to be determined by the jury.

45.  Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

SIXTH CLAIM FOR RELIEF
(against Capital One)
(Willful Noncompliance with FCRA)

46.  Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

47.  Capital One willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

48.  As a result of Chase's failure to comply with the FCRA, plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to credit reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

49.  Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

50.  Plaintiff requests a jury trial on all claims.

PRAYER

WHEREFORE, Plaintiff prays for judgment against defendants as follows:

On the First Claim for Relief:

    1.    Actual damages to be determined by the jury; and

    2.    Attorney fees.

On the Second Claim for Relief:

    1.    Actual damages to be determined by the jury;

    2.    Statutory damages to be determined by the jury;

    3.    Punitive damages to be determined by the jury; and

    4.    Attorney fees.

On the Third Claim for Relief:

    1.  Actual damages to be determined by the jury; and

    2.  Attorney fees.

On the Fourth Claim for Relief:

    1.    Actual damages to be determined by the jury;

    2.    Statutory damages to be determined by the jury;

    3.    Punitive damages to be determined by the jury; and

    4.    Attorney fees.

On the Fifth Claim for Relief:

    1.  Actual damages to be determined by the jury; and

    2.  Attorney fees.

On the Sixth Claim for Relief:

    1.    Actual damages to be determined by the jury;

2.      Statutory damages to be determined by the jury;

3.      Punitive damages to be determined by the jury; and

4.      Attorney fees.

On All Claims for Relief:

1.   Costs and expenses incurred in this action.

Dated this 19th day of May 2014.

/s/ Micah S. Adkins
Micah S. Adkins (ASB-8639-I48A)
BURKE HARVEY, LLC
2151 Highland Avenue, Suite 120
Birmingham, AL  35205
Telephone:  205.747.1907
Facsimile:  205.930-9054
Email:         madkins@burkeharvey.com